Khokhar v Gonzalez (2021 NY Slip Op 05628)





Khokhar v Gonzalez


2021 NY Slip Op 05628


Decided on October 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 14, 2021

Before: Kapnick, J.P., Singh, Shulman, Pitt, Higgitt, JJ. 


Index No. 160994/19 Appeal No. 14386 Case No. 2020-04803 

[*1]Abdul Jalil Khokhar, Plaintiff-Appellant,
v
Andrew Gonzalez et al. Defendants-Respondents, Zale Management Corp., Defendant.


Diamond and Diamond LLC, Brooklyn (Stuart Diamond of counsel), for appellant.
Traub Lieberman Straus & Shrewsberry LLP (Lisa L. Shrewsberry of counsel), for respondents.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered November 16, 2020, which, to the extent appealed from as limited by the briefs, upon granting renewal, granted the CPLR 3211 motion of defendants Andrew Gonzalez, Esq., and Gonzalez & Oberlander LLP (together, the Law Firm) to dismiss plaintiff's remaining cause of action against the Law Firm for conversion and dismissed the complaint as against the Law Firm, unanimously reversed, on the law, without costs, the motion to dismiss denied, and plaintiff's cause of action for conversion reinstated.
The factors for application of collateral estoppel are not met here (see Matter of Dunn, 24 NY3d 699, 704 [2015]; Stewart Family LLC v Stewart, 184 AD3d 487, 491 [1st Dept 2020]). Contrary to the Law Firm's position, the Bronx Supreme Court's denial of the order to show cause made no finding as to whether the Law Firm converted funds in a bank account belonging to plaintiff seized in an action to enforce a Bronx judgment. The Bronx Supreme Court also made no determination as to either parties' right to possession of the seized funds.
Nor does the Bronx Supreme Court's denial of an order to show cause appear to have been necessary to support a final judgment on the merits (see NYCTL 1999-1 Trust v 573 Jackson Ave. Realty Corp., 39 AD3d 267, 267 [1st Dept 2007]). Indeed, "the grant or denial of a request for a preliminary injunction," as appears to have been the case here on plaintiff's order to show cause in the Bronx Action, is "a provisional remedy designed for the narrow purpose of maintaining the status quo" (Coinmach Corp. v Fordham Hill Owners Corp., 3 AD3d 312, 314 [1st Dept 2004]). It is "not an adjudication on the merits," and as such will not be accorded preclusive effect (see id.; Sensational Serv., Inc. v American Tr. Ins. Co., 2015 NY Slip Op 30343[U], at *4 [Sup Ct, Queens County 2015]).
Finally, the Law Firm argues only that plaintiff is unable to state a viable cause of action for conversion based on the denial of the order to show cause. The Law Firm makes no argument that plaintiff's complaint otherwise states no cause of action for conversion. In any event, given plaintiff's allegations that he convincingly demonstrated to the Law Firm that he was not the defendant in the Bronx Action, that the seized bank account did not belong to the judgment debtor, that plaintiff demanded that the Law Firm return the seized funds to him, and that the Law Firm refused, he has stated a
cause of action against the Law Firm for conversion (see Pappas v Tzolis, 20 NY3d 228, 234 [2012]; State of New York v Seventh Regiment Fund, 98 NY2d 249, 259-260 [2002]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2021